IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID MICHELETTI, individually and on behalf of others similarly situated, | § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 5:15-CV-01001 |
| UBER TECHNOLOGIES, INC., a Delaware corporation; RASIER, LLC, a Delaware limited liability company and subsidiary of UBER TECHNOLOGIES, INC.; JOHN DOES I-V and JANE DOES I-V; BLACK CORPORATIONS I-V; WHITE LIMITED LIABILITY COMPANIES I-V; and GREEN PARTNERSHIPS I-V, | § § § § § § § § § § § | |
| Defendants. | § | |

---

### DEFENDANTS' NOTICE OF REMOVAL

---

Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively, "Defendants"), hereby remove this action to the United States District Court for the Western District of Texas, San Antonio Division. This Notice of Removal ("Notice") is based on 28 U.S.C. sections 1332(a)(1), 1332(d), 1441, 1446, and 1453, and more specifically, the following:

**I.      PROCESS, PLEADINGS, AND ORDERS**

1.      On or about October 14, 2015, Plaintiff David Micheletti ("Plaintiff") filed his Original Petition in the District Court of Bexar County, Texas, 288th Judicial District, Cause No. 2015CI17400 (hereinafter referred to as the "Complaint"). A true and correct copy of the Case History, Complaint and Citations for both Defendants are attached hereto as Exhibits A-D, respectively.

2.      Plaintiff served Defendants with a Summons and a copy of the Complaint on October 20, 2015.  A true and correct copy of the Affidavit of Service filed by Plaintiff verifying service on Defendant Uber is attached hereto as Exhibit E.  A true and correct copy of the Affidavit of Service filed by Plaintiff verifying service on Defendant Rasier is attached hereto as Exhibit F.

3.      The Complaint alleges the following causes of action: (i) tortious interference with prospective business relations; (ii) breach of contract; (iii) promissory estoppel; (iv) unjust enrichment; (v) conversion; (vi) unfair competition; (vii) fraud; (vii) violations of the Texas Labor Code, including: failure to maintain payroll records in violation of Texas Labor Code § 21.301, failure to pay minimum wage in violation of Texas Labor Code § 62.001, *et seq*., failure to pay wages promptly upon resignation and termination in violation of Texas Labor Code § 61.014, and failure to pay gratuities in violation of Texas Labor Code § 61.015.

4.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendant.

## II.      VENUE

5.      Removal is proper to this federal district and division because the original action occurred in and embraces Bexar County, Texas.  *See* 28 U.S.C. §§ 112(b) and 1441(a).

## III.      DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

6.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.  Diversity Of Citizenship Exists

7.      This Court has original jurisdiction over this action based on diversity of citizenship between the parties.  Plaintiff is a resident of Bexar County, Texas.  Ex. B, ¶ 9.

Defendant Uber is incorporated in the State of Delaware, and its principal place of business is San Francisco, California. *Id*., ¶ 10; *see also* Exhibit G, Declaration of Michael Colman in Support of Defendants' Removal of Civil Action from State Court, ¶ 2. Defendant Rasier is a wholly owned subsidiary of Uber. Rasier is a Delaware limited liability company, and its principal place of business is in San Francisco, California. Ex. B, ¶ 11; Ex. G, ¶ 2.

8.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendants Uber and Raiser both are therefore citizens of Delaware and California, and not Texas, for diversity purposes. 28 U.S.C. §§ 1332(a)(1), (c)(1).

### B.  The Amount In Controversy Exceeds $75,000

9.      Pursuant to 28 U.S.C. 1446(c), the removing party need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

10.      Plaintiff's Complaint does not allege a specific amount in controversy but states that, in addition to interest and costs, Plaintiff seeks to recover compensatory, punitive, treble, and attorney fees and costs. Ex. B, p. 16.

11.      When a plaintiff has alleged an indeterminate amount of damages, a defendant can remove a case to federal court if it can prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). When the value of the plaintiff's claims is not facially apparent from reading the petition, a defendant "may support federal jurisdiction by setting forth the facts [either] in the removal petition [or] by affidavit that supports a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Once this is accomplished, the plaintiff can defeat

removal only by establishing with a legal certainty that the claims are for less than $75,000.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

12.     Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and deny that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

13.     For example, Plaintiff alleges that he began "working for Uber" in 2013 until "recently."[1]  Ex. B, ¶¶ 15-17.  Until approximately May of 2015, "Plaintiff drove 70 hours per week" on average, and then "20 hours per week" on average until October of 2015.  *Id.*, ¶ 16.  During this time, Plaintiff alleges he earned "approximately $5 per hour - $2.25 less than the minimum wage."  *Id.*, ¶ 19.  If Plaintiff were to prevail on his minimum wage claim, he could recover at least $13,072 from October 2013[2] through April of 2015,[3] and $1,035 from April of 2015 through October of 2015.[4]  Tex. Lab. Code § 62.201 provides for recovery of an equal amount as liquidated damages, making Plaintiff's recovery at least **$28,214**.[5]

14.     Plaintiff also seeks to recover expenses he allegedly incurred in the amount of $100-$200 per week for "gas, tolls, lease payments, and car repairs."  Ex. B, ¶ 18.  If Plaintiff were to recover these expenses under his conversion, fraud, or other theories, he could recover at least **$15,900**, assuming an average of $150 in expenses each week.[6]

---

[1] Plaintiff's Complaint was filed in state court on October 14, 2014.
[2] October of 2013 marks the beginning of the applicable limitations period.  *See* Tex. Lab. Code § 62.202.
[3] 70 hours x $2.25 x 83 weeks = $13,072.
[4] 20 hours x $2.25 x 23 weeks = $1,035.
[5] $13,072 + $1,035 x 2 = $28,214.
[6] $150 x 106 weeks = $15,900.

15.     Plaintiff alleges that Defendants improperly withheld gratuities from him that he otherwise would have received from riders, and seeks to recover under Tex. Lab. Code § 61.015, a breach of contract theory and other tort and common law theories.  *See, e.g.*, Ex. B, ¶¶ 48-50. *Conservatively* estimating that Plaintiff could have made two trips during each of the hours he claimed he worked, and *conservatively* estimating a claimed gratuity of just $2 per trip, Plaintiff could recover an additional amount of at least **$25,080**.[7]

16.     Plaintiff also alleges that Defendants "routinely misappropriate[] money" by deducting a $1 "safe ride" fee from each fare.  Ex. B, ¶ 20.  Using the same conservative estimates above, Plaintiff could recover at least **$12,540**.[8]

17.     Without even taking into account Plaintiff's other claims for damages (including failure to pay contractual surge pricing of up to $20 per hour, unpaid cancellations fees and other unspecified compensatory damages), Plaintiff could recover at least **$81,734** on these claims alone – well above the $75,000 threshold for diversity jurisdiction.

18.     Plaintiff, however, also seeks attorney fees.  Ex. B, p. 16.  When authorized by statute, a claim for attorney fees is included in calculating the jurisdictional amount for diversity purposes.  *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).  Here, payment of costs and attorney fees is authorized by Tex. Lab. Code § 62.205, and those costs and fees must therefore be included in determining the amount in controversy.

19.     Finally, Plaintiff seeks an award of punitive damages.  Ex. B, p. 16.  In this Circuit, a request for punitive damages alone can support a finding that it is facially apparent the

_____

[7] 70 hours per week x $4 x 83 weeks (covering October of 2013 to April of 2015)  + 20 hours per week x $4 x 23 weeks (April of 2015 to October of 2015) = $25,080.
[8] 70 hours per week x $2 x 83 weeks (covering October of 2013 to April of 2015)  + 20 hours per week x $ x 23 weeks (April of 2015 to October of 2015) = $12,540.

amount in controversy exceeds the jurisdictional amount. *See French v. Keybank Nat. Ass'n*, Case No. 4:12CV352, 2012 WL 7827548, *2 (E.D. Tex. Oct. 4, 2012) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

20.     Based on the foregoing, Plaintiff's claims *easily* exceed $75,000.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) for each of Plaintiff's claims.

## IV.     CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

21.     Removal jurisdiction also exists because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.  Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.00.

22.     As a preliminary matter, Plaintiff purports to bring this case as a class action on behalf of himself and all others similarly situated pursuant to Texas Rule of Civil Procedure 72. This statute authorizes an action to be brought by one or more representative persons as a class action.  As such, this action is properly considered a putative class action under CAFA.

**A.  The Proposed Class Contains At Least 100 Members**

23.     Plaintiff defines the putative class as "all other similarly situated drivers of Uber who have worked in Texas."  Ex. B, ¶ 39.  A preliminary investigation has revealed that no fewer than 90,706 individuals, including Plaintiff, have used Defendants' software application to generate leads in the State of Texas between March 11, 2011 (the earliest launch date of Uber in Texas) and the present.   Ex. G, ¶ 4.   Accordingly the putative class contains more than 100 members.

**B.  Defendants Are Not Governmental Entities**

24.     Defendant Uber is incorporated in the State of Delaware, and maintains a principal place of business in San Francisco, California.  Defendant Rasier is a Delaware limited liability company, which maintains a principal place of business in San Francisco, California.  Neither Defendant is a state, state official or any other governmental entity.  Ex. G, ¶ 2.

**C.  Plaintiffs' Citizenship Is Diverse From Defendants' Citizenship**

25.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  As addressed above, Plaintiff is a resident of the State of Texas and Defendants are residents of Delaware and California.  Accordingly, diversity of citizenship exits.

**D.  Amount In Controversy**

26.     Defendants need only establish that Plaintiff's claims and the claims of the putative class exceed the jurisdictional minimum.  The Act authorizes the removal of putative class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).   Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and vigorously deny that (i) Plaintiff and putative class members are entitled to any relief, and (ii) Plaintiff is

representative of the putative class, the damages claimed clearly exceed the jurisdictional minimum.

27.    For example, assuming that Plaintiff's claims are representative of the putative class (which, as stated above, Defendants dispute), each class member could seek at least $81,734 in damages arising from Plaintiff's minimum wage, conversion, and breach of contract claims, *exclusive* of the other damages claimed by Plaintiff on behalf of himself and putative class members.    The amount and controversy for these claims alone totals approximately $7,413,764,204 for the class – almost seven and a half billion dollars.[9]

28.    Even if putative class members had only 1% of the potential damages alleged by Plaintiff for these claims, the amount in controversy would still be in excess of $5,000,000.

29.    Based on the foregoing, the CAFA amount in controversy requirement is satisfied here, even without taking into consideration Plaintiff's claims for attorney fees, punitive damages, or Plaintiff's other claims.

## V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

30.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on November 16, 2015, which is within thirty days of Defendants' receipt of the Complaint.

31.    In accordance with 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and with the Clerk of the 288th Judicial District of Bexar County.    The Notice to State Court of Defendants' Removal is attached hereto as Exhibit L.

---

[9] 90,706 potential putative class members x $81,734 = $7,413,764,204

## VI.     CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Defendants remove this action from the District Court of Bexar County, Texas, 288th Judicial District, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

Dated: November 16, 2015                                      Respectfully submitted,

                                                             */s/ Jonathan G. Rector*
                                                             Steven R. McCown, Bar No. 13466500
                                                             smccown@littler.com
                                                             LITTLER MENDELSON, P.C.
                                                             100 Congress Avenue, Suite 2000
                                                             Austin, TX  78701

                                                             Jonathan G. Rector, Bar No. 24090347
                                                             jrector@littler.com
                                                             LITTLER MENDELSON, P.C.
                                                             A Professional Corporation
                                                             2001 Ross Avenue
                                                             Suite 1500, Lock Box 116
                                                             Dallas, TX  75201.2931
                                                             214.880.8100
                                                             214.880.0181 (Fax)

                                                             ATTORNEYS FOR DEFENDANTS
                                                             UBER TECHNOLOGIES, INC. AND
                                                             RASIER, LLC

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 16, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Paul B. Maslo
Texas Bar No. 24091781
DIAMOND MCCARTHY LLP
2711 North Haskell Ave., Suite 3100
Dallas, TX 74204
PMaslo@diamondmccarthy.com

Marie Napoli
Paul J. Napoli
NAPOLI LAW PLLC
1301 Avenue of the Americas
10th Floor
New York, NY 10019
MNapoli@napolilaw.com
PNapoli@napolilaw.com

Vincent Imbesi
Jeanne Lahiff
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
vimbesi@lawicm.com
jlahiff@lawicm.com

*/s/ Jonathan G. Rector*
Jonathan G. Rector

Firmwide:136941242.1 999999.6244